IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE WEST VIRGINIA INVESTMENT MANAGEMENT BOARD and THE WEST VIRGINIA CONSOLIDATED PUBLIC RETIREMENT BOARD, <br><br>*Plaintiffs*, <br><br>v. <br><br>THE VARIABLE ANNUITY LIFE INSURANCE COMPANY, <br><br>*Defendant.* | § § § § § § § § § § § § § § § § §   Civil Action No. 2:09-1335 _____ |

## DEFENDANT'S NOTICE OF REMOVAL

The Variable Annuity Life Insurance Company ("VALIC"), Defendant, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### PROCEDURAL BACKGROUND

1. Plaintiffs The West Virginia Investment Management Board ("WVIMB") and The West Virginia Consolidated Public Retirement Board ("WVCPRB") filed their Complaint for Declaratory Relief on November 12, 2009, in the Circuit Court of Kanawha County, West Virginia. A copy of Plaintiffs' Complaint is attached at Exhibit "A." Plaintiffs served their suit on Defendant on November 13, 2009. Thus, Defendant timely files this notice of removal within the 30-day period required by 28 U.S.C. § 1446(b).

### FACTUAL BACKGROUND

2. This case concerns construction of an annuity contract between Plaintiffs and VALIC. In 1990, based on a concern about the financial stability of the West Virginia Teachers Retirement System ("TRS"), the West Virginia Legislature created the West Virginia Teachers Defined

{C1652279.1}

Contribution Plan ("DCP"). As a traditional defined benefit plan, the TRS provided teachers with a fixed monthly amount upon retirement based on their years of service. The DCP, on the other hand, offered teachers the opportunity to invest in securities and other financial products and allocate their retirement investment according to their appetite for market risk. All newly hired teachers were required to participate in the DCP, and employed teachers were given the opportunity to switch from the TRS to the DCP.

3. In October 1991, the WVCPRB selected VALIC to provide a fixed annuity for the DCP, and entered into Annuity Contact 25005.[1] Unlike the other products offered within the DCP platform, the returns of which could vary significantly based on market fluctuations, the VALIC annuity guaranteed teachers a minimum 4.5% annual return on their investments.

4. In 2008, the West Virginia Legislature decided to permit teachers to move their investments back to the TRS. As part of that process, the WVCPRB transferred part of its interest in Annuity Contract 25005 to the WVIMB. VALIC and WVIMB thereafter executed Annuity Contract 69562 (the "Annuity Contract"), which is identical to the prior contract.[2]

5. Shortly thereafter, the WVIMB demanded that VALIC immediately transfer *all* amounts held for the teachers moving from the DCP to the TRS. The Annuity Contract, however, expressly limits the amount that can be transferred from VALIC to another funding entity in a given year.[3] The Contract specifically establishes two methods for effectuating transfers: the "Five Year Equal Annual Installment Method" and the "Decreasing Balance Method." Under either method, the *maximum* amount that can be transferred from VALIC during the first year is

---

[1] A copy of Annuity Contract 25005 is attached to Plaintiffs' Complaint at Exhibit "A".

[2] A copy of Annuity Contract 69562 is attached to Plaintiffs' Complaint at Exhibit "B."

[3] The transfer limitation, made part of Annuity Contract 25005 in 1991 and in force since that time, does not apply if (1) the Surrender Value is less than $500 or (2) the transfer is to the West Virginia ORP Common Stock Fund or the West Virginia ORP Bond Fund. Neither exception applies in this case. Annuity Contract 69562 provides for the same transfer limitation.

{C1652279.1}

2

20% of the DCP members' investments. On April 23, 2009, The WVIMB elected the "Five Year Equal Annual Installment Method" under its Annuity Contract and instructed VALIC as to the withdrawal and transfer of those funds.[4]

6. Despite the plain and unambiguous language of the Annuity Contract, the WVIMB and WVCPRB filed this suit and demand:

   a. That the Court declare that WVCPRB and WVIMB are entitled to the withdrawal of the full amount of the public money held by VALIC for members of WVTRS and WVTDC, upon demand and without restriction;

   b. Or, in the event the Court decides that WVCPRB and WVIMB are not entitled to the immediate withdrawal of all such funds, that the Court declare that WVCPRB and WVIMB are entitled to transparency and full disclosure regarding the investments and assets underlying the fixed annuities, on demand by WVIMB and WVCPRB;

   c. That WVCPRB and WVIMB be awarded their costs, expenses, and reasonable attorneys' fees incurred herein; and,

   d. That the Court award such other and further relief as this Court deems just and proper and to which plaintiffs may be entitled.[5]

## ARGUMENTS AND AUTHORITIES

7. Removal of this action is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiffs are both residents of West Virginia.[6] VALIC, on the other hand, is a Texas corporation with its principal place of business in Houston, Texas.[7] Therefore, this Court has original jurisdiction over this case because it is a suit between citizens of different states. 28 U.S.C. § 1332(a)(1).

8. The WVIMB and WVCPRB are citizens of West Virginia because they are not arms of or alter egos of the State of West Virginia. The Fourth Circuit has established a four-part test to

---

[4] A copy of the WVIMB's April 23, 2009 letters is attached as Exhibit B.
[5] *See* Complaint at 8-9.
[6] *Id.* at ¶¶ 3-4.
[7] *Id.* at ¶ 2.

{C1652279.1}

3

determine whether an entity is an arm of the state. *Ram Ditta v. Maryland Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457-58 (4th Cir. 1987). Those factors are:

    a. whether the state treasury will be responsible for paying any judgment that might be awarded;

    b. whether the entity exercises a significant degree of autonomy from the state;

    c. whether it is involved with local versus statewide concerns; and

    d. how it is treated as a matter of state law.

*Id.*

9. Here, the *Ram Ditta* factors support a finding that the WVIMB and WVCPRB are not arms of the state. First, the West Virginia treasury will not be responsible for any judgment in this case, nor will any judgment inure to the benefit of the state treasury. In fact, no judgment will go to the state treasury at all because Plaintiffs seek only a declaration, not a money judgment, and even if they obtain the declaration they seek—they should not—any monies transferred from VALIC will go straight from the WVIMB and into the TRS. The state treasury will not be involved. Thus, the first factor favors a finding that the plaintiffs are citizens of West Virginia.

10. Second, the WVIMB and WVCPRB are independent, autonomous entities. By statute, the WVIMB is a public body corporate that operates "as an ***independent*** board with its own full-time staff of financial professionals, immune to changing political climates, in order to provide a stable and continuous source of professional financial management." W. VA. CODE § 12-6-1a(b) (emphasis added). Likewise, the WVCPRB "has all the powers, duties, responsibilities and liabilities of the…teachers retirement system…[and] the teachers' defined contribution system…." *Id.* at § 5-18-7B-1(e). The WVCPRB is trustee of all the assets of the retirement plans it administers, except as to the investment of funds, and is authorized to "employ the West

{C1652279.1}

4

Virginia Investment Management Board to provide investment management consulting services for the investment of funds in the Teachers' Defined Contribution System." *Id.* at § 5-10D-1(h). Thus, both entities exercise a significant degree of autonomy, and are therefore citizens of, rather than arms of, the state.

11. Third, both entities hold funds in trust for private citizens—here, teachers—and act as trustees of the funds of those private citizens. As detailed in Plaintiffs' Complaint, this litigation concerns whether and how the retirement funds of those individual private citizens should be transferred in accordance with the teachers' decision to move their retirement funds from the DCP back to the TRS. Thus, this case is not about a matter of state-wide concern. Rather, it concerns a discreet issue between a private party and trustees acting on behalf of private citizens. The third factor therefore supports finding that Plaintiffs are citizens of West Virginia.

12. Finally, both entities can sue and be sued by anyone. W. VA. CODE § 12-6-5(2) (2007) (providing WVIMB with power to sue and be sued); *id.* at § 18-7B-5 (providing WVCPRB with power to sue and be sued). Because each is an "entity created by the State which functions independently of the State with authority to sue and be sued...[each] can be a 'citizen' for purposes of diversity jurisdiction." *South Carolina Dept. of Disabilities and Special Needs v. Hoover Universal, Inc.*, 535 F.3d 300, 303 (4th Cir. 2008); *accord North Carolina v. Blackburn*, 492 F. Supp.2d 525 (E.D. N.C. 2007). Additionally, neither entity is defined by state law as an arm or alter ego of the state, and neither has been expressly held to be an arm of the state by West Virginia courts. Thus, West Virginia law does not treat the WVIMB or WVCPRB as arms of the state. Therefore, each are citizens of West Virginia for purposes of diversity jurisdiction.

## PROCEDURAL MATTERS

13. VALIC has attached as Exhibit "A" to this notice all pleadings, process, orders, and all other filings in the state court action as required by 28 U.S.C. § 1446(a).

14. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action had been pending.

15. In accordance with 28 U.S.C. § 1446(d), VALIC will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court of Kanawha County, West Virginia, in which the action has been pending.

## JURY DEMAND

16. Plaintiff has demanded a jury in the state court action.

Respectfully Submitted,

Thomas J. Hurney, Jr., Esquire (WVSB #1833)
Michael M. Fisher, Esquire (WVSB #4353)
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P. O. Box 553
Charleston, West Virginia 25322
(304) 340-1000

Daniel McNeel Lane, Jr.
*(statement of visiting attorney to be filed)*
Brian S. Jones
*(statement of visiting attorney to be filed)*
AKIN GUMP STRAUSS HAUER & FELD LLP
300 Convent Street, Suite 1600
San Antonio, Texas 78205
(210) 281-7000

ATTORNEYS FOR THE VARIABLE ANNUITY LIFE INSURANCE COMPANY

{C1652279.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| THE WEST VIRGINIA INVESTMENT MANAGEMENT BOARD and THE WEST VIRGINIA CONSOLIDATED PUBLIC RETIREMENT BOARD, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. _____ |
| THE VARIABLE ANNUITY LIFE INSURANCE COMPANY, | § § § | |
| *Defendant*. | § § | |

## CERTIFICATE OF SERVICE

I, Michael M. Fisher, counsel for the defendant, do hereby certify that I served "Defendant's Notice of Removal" on all counsel of record on the 11th day of December, 2010 by placing a true and exact copy thereof in the regular course of the United States Mail, postage prepaid, addressed as follows:

Gerard R. Stowers
Lenna R. Chambers
BOWLES RICE McDAVID GRAFF & LOVE LLP
600 Quarrier Street
P. O. Box 1386
Charleston, West Virginia 25325-1386
(304) 347-1100

Michael M. Fisher, Esquire (WVSB #4353)

{C1652279.1}